### BURNS v. RUSSELL BROS.

(Court of Civil Appeals of Texas. Ft. Worth. March 23, 1912.)

1. PLEADING (§ 34*)—DEMURRER—INFERENCES.

In testing the sufficiency of a petition on general demurrer, every reasonable intendment will be indulged in its favor, and this is expressly required by district and county court rule 17 (142 S. W. xix).

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 66–75; Dec. Dig. § 34.*]

2. BROKERS (§ 82*)—ACTION FOR COMMISSION—PETITION.

A petition which alleges that plaintiff became associated with defendant firm as a real estate broker and agent, with an agreement that he should receive all commissions earned by the firm upon property procured by him, that he listed with such firm property previously listed with him individually upon an agreement for a 2½ per cent. commission, that he brought the owner thereof to the firm's office, and that thereafter the defendant firm purchased the land for themselves individually, without the knowledge or consent of plaintiff, with an agreement that the vendor should pay no commission, and that plaintiff had never waived his right to a commission on such sale, states a cause of action.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 101–103; Dec. Dig. § 82.*]

3. PARTNERSHIP (§ 86*)—INDIVIDUAL TRANSACTIONS—RIGHT TO SHARE IN PROFITS.

Where plaintiff formed a partnership for the sale of lands, with the agreement that he should receive one-half of the commissions to which the firm would be entitled upon the sale of the land by it, and the other members of the firm sold to themselves individually land procured by plaintiff, the transaction was a partnership transaction, in the profits of which plaintiff was entitled to participate.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 134; Dec. Dig. § 86.*]

4. PARTNERSHIP (§ 141*) — REPRESENTATION OF FIRM BY PARTNER—AGENCY.

Where land procured by one of the members of a firm was listed with the firm upon the agreement that he should receive a commission on its sale or exchange, and was afterwards, without his knowledge or consent, or his waiver of his right to a commission, bought by the other two members of the firm individually, their agreement, as part of the consideration and contract of sale, that the vendor should pay no commission, bound the third partner, under the rule that each member of a partnership in partnership transactions is an authorized agent of all the members.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 214–221; Dec. Dig. § 141.*]

Appeal from Taylor County Court; T. A. Bledsoe, Judge.

Action by John L. Burns against Russell Bros. Demurrer to petition sustained, and judgment for defendant. Plaintiff appeals. Reversed and remanded.

Kirby & Davidson, of Abilene, for appellant. Cunningham & Sewell, of Abilene, for appellee.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

CONNER, C. J. Appellant instituted this suit in a justice's court of Taylor county, and, suffering an adverse judgment, appealed to the county court, where he again was denied a recovery. The only question presented on this appeal from the judgment of the county court is whether that court properly sustained appellees' general demurrer to the plaintiff's petition. The petition is as follows:

"Plaintiff represents: That during the period from January 1, 1909,. to September 1, 1909, plaintiff was associated with defendant firm in the real estate business as brokers or agents in the city of Abilene, in Taylor county and vicinity. That said firm was engaged in said business at all the dates hereinafter set forth, and at all of said dates this plaintiff was associated with said firm as subagent; this plaintiff acting for and under the control and supervision of said firm. That defendant firm agreed with plaintiff, as a basis of their said association in business, that if plaintiff would associate himself with said firm in said business plaintiff should receive all commissions earned by said firm on sales or exchanges of real estate from parties procured by plaintiff, or which plaintiff should be in any manner instrumental in procuring for said firm. That pursuant to said agreement plaintiff procured and listed for sale or exchange certain lands and premises belonging to A. B. Waldron. [Here follows a description of the land.] That said land had been listed by said Waldron with plaintiff for sale or exchange prior to his said association with said firm, to be sold or exchanged on terms to be agreed upon by said Waldron. That, when plaintiff connected himself with said firm as above set forth, he delivered to said firm his entire list of clients, including the above-named client and his land.

"That on or about March 1, 1909, plaintiff brought said A. B. Waldron into the office of said firm, and introduced said Waldron to the members of said firm as the owner of said land, in good faith expecting said firm to use their best efforts to procure a purchaser of said land, in which event plaintiff would have been entitled to the commission so earned for .procuring said purchaser. That on or about May 1, 1909, a sale or exchange was made and effected by said defendant firm buying said lands for themselves individually. That said sale was made on a basis of $10 per acre, or a total of $4,920. That if said property had been sold by said firm to other persons than themselves, said firm would have been entitled to a commission of 5 per cent., and plaintiff would have been entitled to 2½ per cent., of said purchase price. That said defendant firm bought said land direct from said Waldron, and agreed with said Waldron that he should not pay a commission on said sale. That said sale and agreement as to commission was made by said firm without the knowl-

edge or consent of this plaintiff, and without in any manner consulting this plaintiff, and this plaintiff has never waived his right to commissions on said sale. That said Waldron was well aware of the nature of plaintiff's connection with said firm, and that plaintiff was working for and was an employé of said ' firm.

"Wherefore defendant firm is indebted to this plaintiff in the sum of $123, and ought to pay same. That said Waldron had agreed with plaintiff, when said lands were listed with plaintiff, that he would pay plaintiff a commission of 5 per cent. on the amount in case of sale and 2½ per cent. commission on the amount in case of exchange of said lands, and said Waldron would have paid plaintiff said commissions, except for the agreement of said defendant firm not to charge him a commission on said sale."

[1, 2] In testing the sufficiency of the petition on general demurrer, we are required to indulge every reasonable intendment in its favor. See rule 17 for the district and county courts (142 S. W. xix); Wynne v. State Nat. Bank of Ft. Worth, 82 Tex. 378, 17 S. W. 918; Wiggins v. Bisso, 92 Tex. 219, 47 S. W. 637, 71 Am. St. Rep. 837. So construing the petition, we think the honorable county court erred in his ruling. The petition is susceptible of the construction that by the association alleged T. A. Russell, J. H.' Russell, and appellant formed a partnership for the sale of lands, with the agreement that appellant should receive one-half of the commissions to which the association would be entitled in the case of lands sold by the association; that this association of persons in fact sold the lands described in the petition to the two Russells, who had composed the firm of Russell Bros.; and that under the terms of the association's agreement appellant was entitled to one-half of the commissions which the owner of the land sold had agreed to give.

[3] It is true that the transaction alleg-. ed might be construed as a partnership transaction, and appellant, therefore, entitled to participate in whatever profits resulted from the purchase by the Russell Bros. But appellant was not bound to seek this relief. The purchase was not in the name of the associated partners, but was treated by the Russells as an individual purchase on their part, and they cannot complain that appellant, in choosing his remedy, adopted the theory that the sale of the land was in fact by the associated partnership to the two individuals, who it happened formerly constituted the firm of Russell Bros.

[4] It is insisted in behalf of appellees that the agreement by the Russell Bros. with Waldron, the owner of the land, that he (Waldron) should not pay a commission on said sale, is not binding on appellant, and that appellant's remedy, therefore, is by suit against Waldron upon Waldron's contract to pay appellant 5 per cent. commissions.

But we do not think this is necessarily so. If the sale of Waldron's land was by the association formed by the Russells and appellant to the individual Russells, then the agreement of the association that the. seller should not pay commissions was part of the consideration and contract of sale, and the agreement of the Russells with Waldron, as members of the association, would bind appellant, as in such case the act of each member of the association would constitute the act of all, on the well-recognized principle that each member of a partnership in partnership transactions is an authorized agent of all other members.

Reversed and remanded.